**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **T.W. an Individual,** | : | |
| | : | |
| Plaintiff(s), | : | **Case No. 2:26-cv-00479-ALM-KAJ** |
| | : | |
| v. | : | **Judge ALGENON L MARBLEY** |
| | : | |
| **G6 HOSPITALITY, LLC., *et al.*,** | : | **Magistrate Judge KIMBERLY A. JOLSON** |
| | : | |
| | : | |
| Defendant(s). | : | |

## ORDER GOVERNING CONFIDENTIALITY AND PRIVILEGE

Pursuant to Federal Rule of Civil Procedure 26(c) and its inherent authority, the Court hereby orders the entry of the following Order Governing Confidentiality and Privilege ("Confidentiality Order") in this matter.

## I. PURPOSE AND LIMITATIONS

A. Disclosure and discovery activity in this action could include requests for and production of certain confidential, trade secret, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted.

B. The purpose of this Confidentiality Order is to expedite the flow of Discovery Material, facilitate the prompt resolution of disputes over confidentiality, and protect confidential or privileged information from public disclosure, pursuant to the Court's inherent authority, its authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), and the judicial opinions interpreting such Rules.

C. The Parties also acknowledge that this Confidentiality Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords

from public disclosure and use extends only to the information or items that are entitled to confidential treatment under applicable legal principles, by stipulation of the Parties, or by Order of Court.

D. This Confidentiality Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any Confidential Information or Highly Confidential Information.

E. Any person to whom Confidential Information or Highly Confidential Information is disclosed in connection with this action and who signs the Declaration accompanying this Confidentiality Order agrees to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violations of this Confidentiality Order. *See* Exhibit A, Acknowledgment & Agreement to be Bound.

## II. PROCEEDINGS AND FORM OF INFORMATION GOVERNED

A. This Confidentiality Order shall govern any document, information, or other thing that is designated as "Confidential" or "Highly Confidential," and is furnished by any Party in this Action or furnished by any Non-Party in connection with this Action.

B. The form of information protected includes, but is not limited to, documents and things, responses to requests to produce documents or other things, interrogatories, responses to interrogatories, requests for admissions, responses to requests for admissions, responses to subpoenas, deposition testimony, exhibits, and all copies, extracts, summaries, compilations, designations, and portions of the foregoing.

C. For purposes of this Confidentiality Order, "document" shall be accorded its broadest possible meaning, and shall include, without limitation, the whole page or file or any portion thereof of any written, printed, or graphic matter, and any computer file, record or tape produced by or obtained from any party or non-party, any electronically stored information, or any

copy, extract, or complete or partial summary prepared therefrom, and any document or thing covered by Fed. R Civ. P. 34.

## III. DEFINITIONS

A. Action: *T.W. v. G6 Hospitality, LLC, et. al.*, Case No. 2:26-cv-00479 presently pending in the Southern District of Ohio, Eastern Division.

B. Confidential Information: Discovery Material that qualifies as Confidential Information includes information that a Party reasonably believes constitutes, reflects, discloses, or contains: (i) potentially sensitive personal identifying information, including but not limited to names of Non-Parties (e.g., customers), dates of birth, social security numbers, phone numbers, addresses, employment histories, or credit card information; (ii) any material prohibited from disclosure by statute or Court Order but is nonetheless discoverable; (iii) sensitive business information, nonpublic financial information, or trade secret information; (iv) confidential personal information, medical or psychiatric information, personnel records; or (v) other information otherwise covered by a legitimate right or interest of privacy.[1]

C. Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

D. Designating Party: A Party or Non-Party that designates information or items produced in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER."

E. Discovery Material: All items or information, regardless of the medium or the manner in which it is generated, stored, or maintained (including, but not limited to, those set forth

1 Plaintiff's identity is also subject to confidentiality protections in this litigation. The confidentiality, use, and disclosure of Plaintiff's True Identity are governed by the separate Protective Order concerning Plaintiff's True Identity. Notwithstanding anything in this Confidentiality Order to the contrary, nothing herein shall expand the persons or entities to whom Plaintiff's True Identity may be disclosed or otherwise modify the protections afforded to Plaintiff's True Identity under that separate Protective Order.

in Section II.B), that is produced or generated in disclosures or responses to discovery in this matter.

F. Expert: A person with specialized knowledge or experience in a matter pertinent to this lawsuit who has been retained by a Party or their Counsel to serve as an expert witness or consultant in this Action.

G. Highly Confidential Information: Discovery Material that qualifies as Highly Confidential Information includes information that a Party reasonably believes in good faith not to be in the public domain and which constitutes, reflects, discloses, or contains any trade secret or proprietary information that the Party has maintained as non-public or confidential.

H. In-House Counsel: Attorneys who are employees of a Party.

I. Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J. Outside Counsel of Record: Attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action, and persons who are employees, partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in this action.

K. Party: Any party to this Action, including *T.W.; G6 Hospitality, LLC; G6 Hospitality Franchising, LLC.; Keshav Enterprises, Inc.; Ganeshji, Inc.; Best Western International, Inc.; James M Bowen Co LLC; James M Bowen Co II LLC.;* and each party's officers, directors, and employees.

L. Producing Party: A Party or Non-Party that provides, produces, or makes available for inspection Discovery Material in the course of this Action.

M. Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, document and ESI processing, hosting, review and production, photocopying, videotaping,

translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N. Protected Material: Any Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER."

O. Receiving Party: A Party that receives Discovery Material from a Producing Party.

## IV. ACCESS TO AND USE OF INFORMATION DESIGNATED AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER"

A. Access to a Designating Party's information marked "CONFIDENTIAL" shall be limited to, and only to, the following persons:

i. The Parties listed in Paragraph III.K—including the current employees, officers, and representatives of the Parties as needed to litigate any claims or defenses;

ii. Former employees, officers, and representatives of the Parties;

iii. Employees of a Designating Party's franchised or branded property at issue in this case;

iv. Current and former contractors of the Parties who execute the Acknowledgment and Agreement to Be Bound attached to this Confidentiality Order as Exhibit A;

v. Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

vi. The Court and Court personnel;

vii. Court reporters, recorders, and videographers engaged for depositions;

viii. Any mediator appointed by the Court or jointly selected by the Parties;

ix. Any Expert, outside consultant, or investigator retained by Outside Counsel of Record specifically in connection with this Action and who have signed the Acknowledgment & Agreement to Be Bound attached to this Confidentiality Order as Exhibit A;

x. A person identified in the document marked "CONFIDENTIAL" as an author, source, addressee, or recipient of the communication or document, or who already has a copy of the document marked "CONFIDENTIAL";

xi. Professional Vendors and other independent providers of document production, electronic discovery, and other litigation services, including focus groups, mock jurors, and jury consultants, who are retained or employed specifically in connection with this litigation and have signed the Acknowledgment & Agreement to Be Bound attached to this Confidentiality Order as Exhibit A;

xii. Insurers and indemnitors;

xiii. Any custodian of records having custody of the document marked "CONFIDENTIAL";

xiv. Government agencies and agency personnel, but only to the extent that the disclosure of Confidential Information is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

xv. In the course of a deposition, any Non-Party deponent and such Non-Party deponent's counsel, provided that they first execute the Acknowledgment & Agreement to Be Bound attached to this Confidentiality Order as Exhibit A and return all documents containing Confidential Information to the party furnishing them following the deposition; and

xvi. Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute the Acknowledgment & Agreement to Be Bound attached to this Confidentiality Order as Exhibit A.

B. Access to a Designating Party's information marked "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER" shall be limited to, and only to, the following persons:

i. Employees, officers, and representatives of the Designating Party;

ii. Employees of a Designating Party's franchised or branded property at issue in this case;

iii. Plaintiff;

iv. Outside Counsel for the Parties and employees, agents, and representatives of Outside Counsel as needed to litigate any claims or defenses;

v. The Court and Court personnel;

vi. Court reporters, recorders, and videographers engaged for depositions;

vii. Any mediator appointed by the Court or jointly selected by the Parties;

viii. Any Expert, outside consultant, or investigator retained by Outside Counsel of Record specifically in connection with this Action and who have signed the Acknowledgment & Agreement to be Bound attached to this Confidentiality Order as Exhibit A;

ix. A person identified in the document marked "HIGHLY CONFIDENTIAL - ACCESS LIMITED PURSUANT TO COURT ORDER" as an author, source, addressee, or recipient of the communication or document, or who already has a copy of the document marked "HIGHLY CONFIDENTIAL - ACCESS LIMITED PURSUANT TO COURT ORDER";

x. Professional Vendors and other independent providers of document production, electronic discovery, and other litigation services, including focus groups, mock jurors, and jury consultants, who are retained or employed specifically in connection with this litigation and who have signed the Acknowledgment & Agreement to Be Bound attached to this Confidentiality Order as Exhibit A;

xi. Insurers and indemnitors;

xii. Any custodian of records having custody of the document marked "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER"; and

xiii. Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute the Acknowledgment & Agreement to Be Bound attached to this Confidentiality Order as Exhibit A.

C. The designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER" shall be made as follows:

i. For documents or written responses to any individual interrogatory or individual request for admission, by placing a conspicuous legend on each page or portion of such document entitled to such protection, reading "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER" as appropriate;

ii. For tangible objects, by placing a label or tag reading "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO

COURT ORDER" on the object or container therefor, or if not practicable, as otherwise agreed;

iii. When electronically stored information is produced which cannot itself be marked with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER", the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.

iv. For testimony given in deposition or in a pre-trial hearing, the Parties may agree on the record during the deposition or pre-trial hearing that testimony in that proceeding will not be treated as Confidential Information or Highly Confidential Information. If a Party requests on the record during a deposition or pre-trial hearing that said testimony be provisionally treated as Highly Confidential Information, then said deposition or hearing testimony shall be treated as Highly Confidential Information until thirty (30) days after the transcript is delivered by the court reporter to each Party's Outside Counsel of Record. Otherwise, deposition or hearing testimony taken in this case shall be provisionally treated as Confidential Information until thirty (30) days after the transcript is delivered by the court reporter to each Party's Outside Counsel of Record. Within the thirty-day window following the court reporter's delivery of the transcript, any Party may serve a Notice of Designation to all other Parties as to specific portions of the testimony that shall be designated as Confidential Information or Highly Confidential Information. After the thirty-day window, only those portions identified in any Notice of Designation shall be protected by the terms of this Confidentiality Order. To the extent that deposition or hearing testimony is sought concerning Protected Material during any deposition, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Information or Highly Confidential Information may not be disclosed to such person under the terms of this Confidentiality Order. Parties shall endeavor to give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to implicate Protected Material. The foregoing notwithstanding-except pursuant to a separate written agreement between the Parties, or order of the Court, or in an official judicial proceeding-no Party shall, under any circumstances, release, make public, or cause to be made public any deposition video related to this Action containing Confidential Information or Highly Confidential Information. Prohibited publication extends to distribution of such deposition recordings via the Internet or on any social media sites, including, but not limited to, YouTube, Facebook, Twitter, or Instagram.

D. Protected Material obtained through discovery may be used only for the purpose of litigating the claims and defenses at issue in this Action, including in any arbitration, mediation, appeal, or other proceeding undertaken for the purpose of resolving those claims or defenses. Protected Material may be used for other purposes outside of this Action only with permission from the Court or agreement of the Designating Party.

E. Control of Documents. Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as Confidential Information or Highly Confidential Information pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order at the time other confidential documents are destroyed as noted in Section XII.B below, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

F. Copies. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as “copies”) of documents designated as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER” under this Order, or any individual portion of such a document, shall be affixed with the designation “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER” if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term “copies” shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

## V. FILING PROTECTED MATERIAL UNDER SEAL

A. Without written permission from the Designating Party or an order from this Court, a Party may not file any Protected Material (including any excerpts from Protected Material) into the public record as part of this Action. All Parties shall make reasonable efforts to avoid requesting the filing of Confidential Information or Highly Confidential Information under seal by, for example, redacting or otherwise excluding from a submission to the Court any such Protected Material not directly pertinent to the submission. Where not reasonably possible, any Party wishing to file a document or paper containing Protected Material may file it under seal in accordance with applicable local rules and procedures.

B. The provisions of this Confidentiality Order do not apply to trial proceedings in this Action. It is anticipated that the parties will request the Court to enter an Order governing the handling of Protected Material at hearing or at trial.

## VI. PRODUCTION OF CLAIMED PRIVILEGED INFORMATION

A. The production of privileged or work-product protected Discovery Material ("Disclosed Protected Information") in this case, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Confidentiality Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of any Discovery Material for relevance, responsiveness, or segregation of privileged or protected information before production. Additionally, the inadvertent production of Discovery Material without an appropriate designation of confidentiality shall not be deemed a waiver or acknowledgment as to the confidentiality of any inadvertently produced document and any related material.

B. Upon discovery that a document has been produced that the Producing Party believes to contain privileged and/or work product material, the Producing Party must notify the Receiving Party within thirty (30) days of that discovery, in writing, asserting the attorney-client privilege, work product protection, or other applicable privilege or protection with respect to Disclosed Protected Information. The written notice of the recall of privileged material shall be accompanied by a log articulating the privilege basis for each privileged document.

C. The Receiving Party must—unless it contests the claim of privilege or protection in accordance with this Confidentiality Order—within fourteen (14) days of receipt of that writing and, to the extent applicable: (i) return, delete, or destroy all copies of the Disclosed Protected Information; and (ii) provide a certification from Outside Counsel of Record that all of the Disclosed Protected Information has been returned or destroyed.

D. If the Receiving Party contests the claim of privilege or protection of Disclosed Protected Information, the Receiving Party must, within fourteen (14) days of receipt of the claim of privilege or protection, move the Court for an order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). The Receiving Party must seek leave of Court to file the Disclosure Motion under seal, must file an accompanying motion to seal in accordance with the terms of this Confidentiality Order, and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure, and may not disclose, rely on, or refer to any of the Disclosed Protected Information pending resolution of the Disclosure Motion. Pending resolution of the Disclosure Motion, the Receiving Party may not use, disclose, disseminate, or otherwise convey the Disclosed Protected Information to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

E. Disclosed Protected Information that is sought to be reclaimed by the Parties to this case pursuant to this Confidentiality Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

F. Should any motion compelling production of the Disclosed Protected Information be filed, the Producing Party shall retain the burden of establishing its privilege or work product claims. Nothing in this paragraph shall limit the right of any Party to petition the Court for an in-camera review of the Disclosed Protected Information. Nothing in this Confidentiality Order shall relieve Counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so.

G. The parties may stipulate in writing to extend the time periods set forth in this section.

## VII. RESOLUTION OF DISPUTES REGARDING DESIGNATION OF CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION

A. If any Party disagrees with the designation of any Discovery Material as Confidential Information or Highly Confidential Information, that Party will provide written notice to all other Parties to this action, and the Designating and Challenging Parties will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as initially designated by the Designating Party pending resolution of the Parties' dispute. If the dispute can be resolved, all Parties shall promptly be informed of the resolution and, where appropriate, the Designating Party shall promptly reproduce the information in question with the agreed-upon confidentiality designation or no confidentiality designation, as the case may be.

B. If the dispute cannot be resolved informally, the Party challenging the designation shall file a motion seeking a determination from the Court on the propriety of the Designating Party's confidentiality designation. The Designating Party shall bear the burden of persuading the Court that the information is in fact Confidential Information or Highly Confidential Information within the definition of terms ser forth above and applicable legal standards. Applications to the Court for an order relating to any documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER" shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

C. In the event that Protected Material is produced in the course of this litigation that another Party has acquired outside the course of this litigation, that Protected Material (including the information therein and copies thereof) shall be treated as designated by the Designating Party in accordance with this Confidentiality Order, unless and until that confidentiality designation is challenged and removed pursuant to the terms of this Confidentiality Order. Nothing in this Confidentiality Order shall prevent a Party from citing the circumstances surrounding its acquisition of Protected Material as a basis for contesting the propriety of a Designating Party's confidentiality designation.

D. Entering into, agreeing, or complying with the terms of this Confidentiality Order shall not prejudice in any way the right of a Party at any time: (i) to seek relief on appropriate notice from any provision(s) of this Confidentiality Order, either generally or as to any particular document, item or piece of information; (ii) to object to any discovery request, including the right

to assert that no discovery should be had of certain documents or information; or (iii) to seek documents or other information from any source.

**VIII. REDACTIONS**

A. To comply with all applicable state, federal, and extraterritorial laws and regulations, the Producing Party may redact from produced documents, materials, and other things information that it is not permitted by such laws and regulations to be disclosed in litigation even with Court-imposed confidentiality restrictions. Parties may also redact potentially sensitive personal identifying information of Non-Parties. Should the need arise, the Parties will meet and confer on the appropriateness of a given redaction.

B. Notwithstanding any of the foregoing provisions, nothing contained herein shall be construed as a waiver of a Party's ability to challenge such redactions. The burden as to the propriety of any redaction remains on the redacting Party at all times.

**IX. REQUESTS FOR DOCUMENTS OR INFORMATION SUBJECT TO THIS CONFIDENTIALITY ORDER IN OTHER ACTIONS.**

A. If a Receiving Party receives a subpoena or other compulsory process (*e.g.*, document request, court order, decree, mandate, or summons) commanding the production of Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER" by another Party, the Receiving Party shall promptly notify the Designating Party by identifying the dates specified in the subpoena (or other compulsory process) for production and attaching copies of the subpoena (or other compulsory process). The Receiving Party shall not produce any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER" by another Party in response to a subpoena (or other compulsory document or process) unless the Receiving Party has provided notice and a reasonable amount of time to object

to the Designating Party as set forth herein or the Receiving Party has been Ordered by another court to produce the subject Discovery Material. The Receiving Party shall not produce any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER" by another Party prior to the date specified in the subpoena (or other compulsory process). Producing Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER" pursuant to a subpoena (or other compulsory document or process) without providing the Designating Party notice pursuant to this Section shall constitute a violation of this Confidentiality Order, even if the production of the Discovery Material is made pursuant to an order from another court.

B. The requirements set forth in this section shall not apply to legally-mandated franchising disclosures, provided that such disclosures may only disclose Protected Material to the extent it is required to comply with legal mandates.

**X. PARTY'S OWN INFORMATION**

A. The restrictions on the use of Confidential Information and Highly Confidential Information established by this Confidentiality Order and are applicable only to the use of Confidential Information or Highly Confidential Information received by a Party from another Party or from a Non-Party. A Party is free to do whatever it desires with its own Confidential Information or Highly Confidential Information, provided that any dissemination of Confidential Information or Highly Confidential Information by the Party may result in that information no longer qualifying for treatment as Confidential Information or Highly Confidential Information under this Confidentiality Order.

## XI. APPLICABILITY OF CONFIDENTIALITY ORDER TO NON-PARTIES

A. In the course of this Action, the Parties may attempt to discover documents and information from Non-Parties. Any Non-Party from whom discovery is sought by the Parties may avail itself of the protections and limitations of disclosure provided for in this Confidentiality Order by signing this Confidentiality Order prior to production. The Non-Party shall identify any Confidential Information or Highly Confidential Information produced in accordance with this Confidentiality Order. By so availing itself of the protections and limitations provided for in this Confidentiality Order, any such Non-Party shall submit to the jurisdiction of the Court for all matters relating to or arising out of this Confidentiality Order.

B. The Parties shall treat any material properly designated as Confidential Information or Highly Confidential Information produced by a Non-Party in accordance with the terms of this Confidentiality Order. The Parties shall reference this Confidentiality Order in any subpoena or discovery request they serve or otherwise provide to any Non-Party.

## XII. OBLIGATIONS ON CONCLUSION OF LITIGATION.

A. Order Remains in Effect. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

B. Return of material properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER". Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER" under this Order, including copies thereof, shall be destroyed unless the document has been offered into evidence or filed without restriction as to disclosure.

C. Notwithstanding the above requirements to destroy documents, counsel may retain attorney work product, including an index which refers or relates to material properly designated

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER", so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER" under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS LIMITED PURSUANT TO COURT ORDER".

D. Return of Documents Filed under Seal. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

## XIII. VIOLATIONS

In the event that any Party or Non-Party violates or threatens to violate the terms of this Confidentiality Order, the aggrieved Producing Party or Designating Party should apply to the Court to obtain relief against any such Party or Non-Party violating or threatening to violate any of the terms of this Confidentiality Order. In the event that the aggrieved Producing Party or Designating Party seeks injunctive relief, it must direct the petition for such relief to this Court. The Parties and any other person subject to the terms of this Confidentiality Order shall be subject to the Court's jurisdiction for the purpose of enforcing this Confidentiality Order.

## XIV. MODIFICATION OF THIS CONFIDENTIALITY ORDER

This Confidentiality Order shall remain in force and effect until modified, superseded, or terminated by order of the Court made upon reasonable written notice. Nothing in this Confidentiality Order abridges the right of any person to seek its modification by the Court in the

future. The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate.

**DONE** and **ORDERED** on this 19th day of October, 2026.

s/Kimberly A. Jolson
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| T.W., an Individual, | : | |
| | : | |
| Plaintiff(s), | : | Case No. 2:26-cv-00479-ALM-KAJ |
| | : | |
| v. | : | Judge ALGENON L MARBLEY |
| | : | |
| C6 HOSPITALITY, LLC, *et al.*, | : | Magistrate Judge KIMBERLY A. JOLSON |
| | : | |
| | : | |
| Defendant(s). | : | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ___________________________________, declare that:

1. My address is _______________________________________________________

2. I have received a copy of the Order Governing Confidentiality and Privilege (the "Confidentiality Order") and the Stipulated Protective Order in the above-captioned lawsuit.

3. I have carefully read and understand that the provisions of the Confidentiality Order and the Stipulated Protective Order, agree to be bound by them.

4. I agree I will not use or disclose to anyone any of the contents of any Confidential Information or Highly Confidential Information received under the protection of the Confidentiality Order in violation thereof.

5. I consent to the exercise of personal jurisdiction by this Court, the United States District Court for the Southern District of Ohio, in connection with this Acknowledgment & Agreement to be Bound, and my obligations under the Confidentiality Order and the Stipulated Protective Order.

6. I declare under penalty of perjury that the foregoing is true and correct.

Date: _______________

City and State where sworn and signed: ______________________

Printed Name: _________________________

Signature: ______________________